# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0389V

| | |
|---|---|
| SHEILA PORTER,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: November 4, 2024 |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Dorian Hurley, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION ON DAMAGES**[1]

On April 4, 2022, Sheila Porter filed a Petition under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"); *see* Section 11(c)(1)(D)(i). Petitioner alleges that she received an influenza ("flu") vaccine in her right arm on September 9, 2020, which was followed within forty-eight (48) hours by the onset of a right shoulder injury related to vaccine administration ("SIRVA") - a Vaccine Injury Table claim. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 9, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On November 4, 2024, Respondent filed a Proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, I award the following compensation:

**A lump sum of $30,000.00 (for pain and suffering) in the form of a check payable to Petitioner.** Proffer at 2. This amount represents compensation for all damages that would be available under Section 15(a). *Id.*

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| SHEILA PORTER, ) ) ) Petitioner, ) ) v. ) ) SECRETARY OF HEALTH AND HUMAN ) SERVICES, ) ) Respondent. ) ) | No. 22-389V (SPU) Chief Special Master Corcoran ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 4, 2022, Sheila Porter ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccination received on September 9, 2020. Petition at 1. On August 16, 2023, respondent filed his Vaccine Rule 4(c) Report setting forth his position that this case was not appropriate for compensation. ECF No. 23. On November 27, 2023, the Chief Special Master issued an Order to Show Cause why petitioner's claim should not be dismissed. ECF No. 24. On January 24, 2024, petitioner filed a Brief arguing that she had established entitlement to compensation for a SIRVA. ECF No. 25 ("Petitioner's Brief"). Respondent filed his Response to Petitioner's Brief on February 29, 2024, recommending that entitlement to compensation be denied. ECF No. 29 ("Respondent's Response"). Petitioner filed a Reply to Respondent's Response on March 15,

2024.  ECF No. 31.  On September 9, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to vaccine compensation.[1]  ECF No. 32.

## I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of $30,000.00 for pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[2]  a lump sum payment of $30,000.00, in the form of a check payable to petitioner.

## III. Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Sheila Porter:         **$30,000.00**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's September 9, 2024 Ruling on Entitlement.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

        C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

/s/ *Dorian Hurley*
DORIAN HURLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 353-7751
Email:  Dorian.Hurley@usdoj.gov

DATED:  November 4, 2024

3